**Davis Miles McGuire Gardner**

Michael E. Medina, Jr.
mmedina@davismiles.com
Steven E. Weinberger
sweingerberger@davismiles.com
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ  85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Winfried R.E. Joergens and Bettina Behning, husband and wife;<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Nissan North America, Inc., a California Corporation; and Nissan Motor Co., Ltd., a foreign corporation.<br><br>　　　　Defendants. | **COMPLAINT** |

Plaintiffs Winfried R.E. Joergens and Bettina Behning, by and through their undersigned counsel, hereby submit the following as their Complaint against Defendants:

1

## **PARTIES, JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332, as Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

2. Plaintiffs Winfried Joergens Bettina Behning are married.

3. Defendant Nissan North America, Inc. (NNA) is a California Corporation licensed to do and doing business in Arizona.

4. Defendant Nissan Motor Co., Ltd. (NML) is a Japanese company is a global automotive company responsible for activities relating to Nissan and Infiniti vehicles worldwide including design, manufacture, marketing, testing, and sales.

5. At all times relevant to the events giving rise to this Complaint, Defendant Nissan North America, Inc. and Defendant Nissan Motor Co., Ltd. ("Nissan defendants") caused and/or contributed events to occur in the State of Arizona out of which this complaint arises; therefore, jurisdiction and venue are proper in this court.

## **GENERAL ALLEGATIONS**

6. On November 6, 2016, Plaintiff Winfried Joergens rode his bicycle southbound on Oracle Road (State Route 77) in Oracle, Arizona near milepost 88.

7. While riding his bicycle, a 2013 Nissan Rogue (VIN JN8AS5MT6DW528729) driven by Reanna Leigh Hawk collided with Plaintiff Winfried Joergens.

8. The collision occurred when the driver of the 2013 Nissan Rogue turned right into the bicycle driven by Plaintiff Winfried Joergens.

9. As a result of the collision, Plaintiff Winfried Joergens suffered severe and permanent injuries including a fractured pelvis and internal organ damage.

10. The 2013 Nissan Rogue warning and collision avoidance systems did not alert or warn the driver of the presence of Plaintiff Winfried Joergens on the right side of the 2013 Nissan Rogue.

11. The 2013 Nissan Rogue was not equipped with warning and collision avoidance technology Blind Spot Warning, Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology that warns drivers about moving objects near the driver's vehicle.

12. Some 2013 vehicles designed, manufactured, marketed, and sold by the Nissan defendants were equipped with Blind Spot Warning, Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology that warns drivers about moving objects near the driver's vehicle.

13. All 2013 vehicles designed, tested, manufactured, marketed, and sold by the Nissan defendants with Blind Spot Warning, Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology that warns drivers about moving objects near the driver's vehicle.

14. Nissan offered Blind Spot Warning, Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology that warns drivers about moving objects near the driver's vehicle as an "option" on some 2013 Nissan vehicles.

15. Nissan offered Blind Spot Warning, Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology that warns drivers about moving objects near the driver's vehicle as an "option" on some 2013 Infiniti vehicles.

16. The Nissan defendants Blind Spot Warning , Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology that warns drivers about moving objects near the driver's vehicle were technologically and financially feasible for use in some 2013 Nissan and/or Infiniti vehicles.

## COUNT I

Common Law Negligence

(Against Defendants NNA and NML)

17. Plaintiffs hereby incorporate by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

18. Defendants NNA and NML owe and owed a duty of care to individuals driving, riding in or encountering vehicles manufactured in whole or in part and/or placed into the stream of commerce by them.

19. Defendants NNA and NML breached this duty of care by, among other things, negligently designed and/or sold the 2013 Nissan Rogue without incorporating readily available and reasonably priced safety features including, but not limited to, Blind Spot Warning, , Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology that warns drivers about moving objects near the driver's vehicle.

20. For the reasons specified herein, the subject 2013 Nissan Rogue's collision avoidance system was including, at the time the vehicle was sold and used as herein alleged, unreasonably dangerous and defective for its intended purposes.

21. As a direct and proximate result of Defendants NNA and NML negligence, recklessness and conscious decisions, as alleged herein, Plaintiff Winfried Joergens suffered severe physical injuries and sustained grief, anguish, emotional distress, loss of enjoyment of life, medical expenses, future medical expenses, future expenses for assistive devices and attendant caretakers, loss of consortium, and other injuries and losses both consequential and incidental thereto.

22. As a further direct and proximate result of Defendants NNA and NML negligence as alleged herein, Plaintiff Winfried Joergens suffered serious and permanent injury, including physical injury, economic loss, emotional distress and loss of enjoyment of life, some of which may be permanent in nature, all to their general damages in amounts to be proven at the time of trial in this matter.

## COUNT II

### Product Liability — Design Defect

### (Against Defendants NNA and NML)

22. Plaintiffs hereby incorporate by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

23. Defendants NNA and NML are liable to Plaintiffs because of the defective and unreasonably dangerous design of the subject 2013 Nissan Rogue's collision avoidance system as alleged in this Complaint.

24. As a direct and proximate result of Defendant NNA and NML's, design and distribution that excluded use of available, effective and inexpensive Blind Spot Warning, , Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology that warns drivers about moving objects near the driver's vehicle features with alerts in the subject 2013 Nissan Rogue's collision avoidance system, Plaintiff Winfried Joergens suffered serious physical, mental, financial and emotional injuries.

25. As a direct and proximate result of NNA and NML's distribution, negligence, recklessness and conscious decisions, as alleged herein, the Plaintiff Winfried Joergens suffered serious physical, mental, financial and emotional injuries and the Plaintiff Winfried Joergens sustained grief, anguish,

5

emotional distress, loss of enjoyment of life, loss of consortium, medical expenses, future medical expenses, future expenses for assistive devices and attendant care takers, and other injuries and losses both consequential and incidental thereto.

26. As a further direct and proximate result of Defendants NNA and NML's design and distribution, as alleged herein, the Plaintiff has incurred medical, hospital and related expenses and has suffered a loss of earnings and/or earning capacity, and may continue to incur such expenses and losses in the future, all in amounts to be proven for Plaintiff at the time of trial in this matter.

## COUNT III

Product Liability — Warning/Information Defects

(Against Defendant NNA and NML)

27. Plaintiffs hereby incorporate by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

28. Defendants NNA and NML are liable to Plaintiffs because of the defective and unreasonably dangerous designs and/or absence of those designs that deprived Plaintiffs of the warnings systems of the subject 2013 Nissan Rogue of Nissan's Blind Spot Warning, Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including technology or other technology warning drivers about moving objects near the driver's vehicle as alleged in this Complaint.

29. As a direct and proximate result of Defendants NNA and NML's failure to install an effective Blind Spot Warning, , Intelligent Forward Collision Warning, and or Nissan Safety Shield Technologies including or other technology warning drivers about moving objects near the driver's vehicle in the subject 2013 Nissan Rogue, to timely warn that vehicle's driver of the bicycle rode by Plaintiff Winfried Joergens to the 2013 Nissan Rogue's right before the subject collision event, Plaintiff Winfried Joergens suffered serious physical, mental, financial and emotional injuries.

30. As direct and proximate results of NNA and NML's failure to warn, as alleged herein, Plaintiff Winfried Joergens suffered physical, mental, financial and emotional injuries. Plaintiff Winfried

6

Joergen's grief, anguish, emotional distress, loss of enjoyment of life, medical expenses, future medical expenses, future expenses for assistive devices and attendant care takers, other injuries and losses both consequential and incidental thereto some of which may be permanent in nature, all to their general damages in amounts to be proven at the time of trial in this matter.

31. As direct and proximate results of NNA and NML's failure to warn, as alleged herein, Plaintiff Winfried Joergens has incurred medical, hospital and related expenses and has suffered losses of earnings and/or earning capacity and may continue to incur such expenses and losses in the future, all in an amount to be proven at the time of trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages against Defendants NNA and NML as follows:

1. For special damages including, but not limited to, medical fees and expenses, incurred on behalf of the Plaintiff now incurred or incurred in the future.

2. For other general damages, including physical injury, lost income, pain and suffering, medical expenses, cost of care, loss of enjoyment of life.

3. For the loss of love and affection, companionship, care, protection, guidance, as well as the profound grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future.

4. For loss of consortium.

5. For taxable costs and pre- and post-judgment interest to the extent permitted by law.

6. For exemplary damages against NNA, NML and AHM and HMC to the extent permitted by law.

7. For attorney's fees and expenses to the extent permitted by law.

8. For other relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiffs demand a trial by jury of all issues, so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 5, 2019

                               **DAVIS MILES MCGUIRE GARDNER, PLLC**

                               By:/s/ *Michael E. Medina, Jr.*
                                    Michael E. Medina, Jr.
                                    Steven E. Weinberger
                                    Attorneys for *Plaintiffs*